**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4287**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERALD KENNETH MCCALOP,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Malcolm J. Howard, Senior District Judge.  (2:17-cr-00019-H-3)

Submitted:  February 27, 2020                    Decided:  March 5, 2020

Before MOTZ, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Kenneth McCalop pled guilty to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2018), and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2018). The district court sentenced McCalop to 85 months' imprisonment. McCalop's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning the validity of McCalop's § 924(c) conviction. We affirm.

Section 924(c)(3) provides two definitions of the term "crime of violence"—the force clause in § 924(c)(3)(A) and the residual clause in § 924(c)(3)(B). Although the Supreme Court recently concluded that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the force clause in § 924(c)(3)(A) remains intact. We recently held that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), *cert. denied*, Nos. 19-6423, 19-6424, 2019 WL 6689801, 2019 WL 6689802 (U.S. Dec. 9, 2019). Accordingly, McCalop's argument is foreclosed by *Davis* and *Mathis*.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm McCalop's conviction and sentence. This court requires that counsel inform McCalop, in writing, of the right to petition the Supreme Court of the United States for further review. If McCalop requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McCalop.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*